IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:12-CV-60283-WPD

CHARTER SCHOOLS USA, INC., a
Delaware corporation, and CHARTER
SCHOOLS USA AT BONITA SPRINGS, LC.,
A Florida limited liability company,

       Plaintiffs,

v.

RSUI INDEMNITY COMPANY, a
Foreign Profit Corporation,

       Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF RSUI INDEMNITY COMPANY

Defendant, RSUI INDEMNITY COMPANY, ("RSUI "), through its undersigned counsel hereby files its Answer and Affirmative defenses to Plaintiffs' Complaint and states as follows:

1. Admitted for jurisdictional purposes only. RSUI expressly denies that plaintiffs are entitled to any relief from RSUI.

2. RSUI is without knowledge as to the allegations contained in this paragraph and therefore demands strict proof thereof.

3. RSUI is without knowledge as to the allegations contained in this paragraph and therefore demands strict proof thereof.

4. Admitted.

5. RSUI is without knowledge as to the allegations contained in this paragraph and therefore demands strict proof thereof.

6. Admitted.

7. Denied as phrased. RSUI admits that on or about June 30, 2010, Anna Sanchez, Elsa Aguilera, Maria Soto, Otilia Hernandez, and Jennifer Snyder Foote, instituted a lawsuit against Plaintiffs [the *Aguilera* action] alleging that they were subjected to unlawful sexual harassment and age discrimination. RSUI further admits that said lawsuit was filed in the United States District Court for the Middle District of Florida under case number 2:10-CV-00352-JES-DNF and that plaintiffs were served with said lawsuit on or about August 10, 2010.

8. RSUI admits that the complaint in the *Aguilera* action was filed against Plaintiffs during the policy period, and that a copy of the Complaint from the *Aguilera* action was provided to RSUI along with a request for coverage. RSUI further states that RSUI has denied coverage for the *Aguilera* lawsuit because the "claim" against Plaintiffs was first made prior to the *Aguilera* lawsuit and was not first made during RSUI's coverage period.

9. RSUI admits that it has denied coverage for the *Aguilera* action. RSUI denies that its coverage denial was improper.

10. RSUI is without knowledge as to the allegations contained in this paragraph and therefore demands strict proof thereof.

11. RSUI is without knowledge as to the allegations contained in this paragraph and therefore demands strict proof thereof.

12. RSUI is without knowledge as to the allegations contained in this paragraph and therefore demands strict proof thereof. RSUI denies that Plaintiffs are entitled to recover their costs and attorney's fees in this action insofar as Plaintiffs are not entitled to any relief as against RSUI.

## COUNT I – DECLARATORY RELIEF

13. Admitted for jurisdictional purposes only.

14. Admitted.

15. RSUI is without knowledge as to the allegations contained in this paragraph and therefore demands strict proof thereof.

16. Admitted.

17. RSUI denies that Plaintiffs are entitled to any relief, including attorney's fees, as against RSUI. RSUI also denies that Plaintiffs have been forced to retain counsel or forced to do anything as a consequence of RSUI's denial of coverage insofar as RSUI's denial of coverage was appropriate.

18. Admitted for jurisdictional purposes only.

19. Admitted.

20. Admitted.

## COUNT II – BREACH OF CONTRACT

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## FIRST AFFIRMATIVE DEFENSE

For its **First Affirmative Defense**, RSUI would state that plaintiffs are not entitled to any benefits under the subject RSUI policy because the underlying claim or claims against Plaintiffs were not first made during the applicable policy period. Pursuant to the Insuring Agreement of RSUI's policy, coverage is afforded with respect to any claim which is first made against an

insured during the policy period.  In the present case, the same claim or claims which have been asserted against Plaintiffs in the *Aguilera* action were first made in 2007 when Ana Sanchez, Elsa Aguilera, Maria Soto, Otilia Hernandez and Jennifer Snyder, filed charges of discrimination with EEOC against either or both Plaintiffs alleging the same wrongful conduct which was later alleged in the *Aguilera* action.  Accordingly, the underlying claim or claims against the Plaintiffs were first made several years before RSUI's policy came into effect and are therefore not covered under RSUI's policy.

## SECOND AFFIRMATIVE DEFENSE

For its **Second Affirmative Defense**, RSUI would state that pursuant to SECTION V – CONDITIONS, subparagraph B. Limit of Liability; Retention; Payment of Loss, the policy provides that:

> 3. All Claims based on, arising out of directly or indirectly resulting from, inconsequence of, or in any way involving the same or related facts, circumstances, situations, transactions or events, or the same or related series of facts, circumstances, situations, transactions or events, shall be deemed to be a single Claim for all purposes under this policy… and shall be deemed first made when the earliest of such Claims is first made, regardless of whether such date is before or during the Policy Period.

Even if the claims asserted against Plaintiffs in the *Aguilera* action are not the same claims which were previously asserted in the EEOC charges filed against Plaintiffs, such claims are clearly related to the EEOC charges.  Accordingly, the claims asserted against Plaintiffs in the *Aguilera* action are deemed to be first made at the time when the related EEOC charges were filed against the Plaintiffs in 2007 and are therefore not covered under RSUI's policy.

## THIRD AFFIRMATIVE DEFENSE

For its **Third Affirmative Defense**, RSUI would state that the subject policy contains the following exclusion pursuant to which no coverage is afforded for any Claim made against any Insured:

      11.      Alleging, arising out of, based upon or attributable to, directly or indirectly, the same facts underlying or alleged in any manner which, prior to the inception date of this policy, has been the subject of notice to any insurer of a Claim, or a potential or threatened Claim, or an occurrence or circumstance that might give rise to a Claim under any policy of which this insurance is a renewal or replacement or which it may succeed in time.

To the extent that the Plaintiffs reported the facts or circumstances which give rise to the *Aguilera* action, including the previously filed EEOC charges, to any other insurer, the claims asserted in the Aguilera action are barred from coverage by virtue of Exclusion 11 cited above.

### **FOURTH AFFIRMATIVE DEFENSE**

For its **Fourth Affirmative Defense**, RSUI would state that Plaintiffs have failed to satisfy all conditions precedent to maintaining a claim under the subject RSUI's policy. Specifically, the subject RSUI policy provides that as a condition precedent to RSUI's obligation to pay, the Insured must provide to RSUI written notice of a Claim as soon as practicable after such Claim is first made. Plaintiffs were served in the underlying *Aguielera* action on or about August 10, 2010. Plaintiffs did not provide notice to RSUI of the *Aguielera* action until May 16, 2011, over eight (8) months later. Because Plaintiffs have failed to comply with all conditions precedent to coverage, no coverage is afforded under the policy.

/s/ *Gary I. Khutorsky*
Gary Khutorsky Esq. (FBN 814271)
Khutorsky@litchfieldcavo.com
LITCHFIELD CAVO LLP
*Attorneys for RSUI IndemnityCo.*
Radice Corporate Center
600 Corporate Drive, Suite 600
Fort Lauderdale, Florida 33334
(954) 689-3000 - Telephone
(94) 689-3001 - Facsimile

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Brady J. Cobb, Esq.**, and **Jonathan B. Lewis, Esq.**, Tripp Scott, P.A., 110 S.E. 6th Street, 15th Floor, Ft. Lauderdale, Florida 33301 this **26th day of March, 2012** to.

/s/ *Gary I. Khutorsky*
Gary Khutorsky Esq. (FBN 814271)
Khutorsky@litchfieldcavo.com
LITCHFIELD CAVO LLP
*Attorneys for RSUI IndemnityCo.*
Radice Corporate Center
600 Corporate Drive, Suite 600
Fort Lauderdale, Florida 33334
(954) 689-3000 - Telephone
(94) 689-3001 - Facsimile